IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **GUANGO F. CORREA**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-703-JJF |
| | : | |
| **THOMAS L. CARROLL**, | : | |
| | : | |
| Respondent. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, the respondent states the following in response to the petition for a writ of habeas corpus:

The petitioner, Guango Correa, pled guilty on November 18, 2002 in the Delaware Superior Court to one count of second degree assault. In return, the State entered a *nolle prosequi* as to other charges of first degree robbery and second degree conspiracy. On February 25, 2003, Correa was sentenced to five years in prison with credit for time served, suspended after two years for probation. Correa, who was represented by counsel at the plea and sentencing hearings, did not timely file a direct appeal in connection with the conviction or sentence.[1] *See generally* Super. Ct. Dkt. in ID No. 0205013182. In April 2003, Correa sought state post-conviction relief which the court denied by order dated November 21, 2003. The Superior Court docket reveals that Correa did not file an appeal of the Superior Court's order. Between July 2002 and December 2003, Correa filed numerous petitions for a state

---

[1] A direct appeal of the guilty plea and sentence was available to Correa. *See, e.g. Siple v. State*, 701 A.2d 79, 81 (Del. 1997); *Sullivan v. State*, 636 A.2d 931, 934 (Del. 1994).

writ of habeas corpus in the Superior Court, all of which were denied. Correa appealed one of the orders dated December 2, 2003, and the state supreme court affirmed the determination that state habeas relief was not available. *Correa v. State*, No. 559, 2003, 2004 WL 716762 (Del. Mar. 25, 2004). In September 2003, Correa filed an application for federal habeas relief pursuant to 28 U.S.C. § 2254. The Court dismissed Correa's claims as unexhausted and thus procedurally barred. *Correa v. Carroll*, Civ. Act. No. 03-897-JJF, 2004 WL 1822123 (D. Del. Aug. 13, 2004). Subsequently, Correa continued to litigate his conviction in the state courts. The state supreme court further dismissed as untimely two appeals filed by Correa. *Correa v. State*, No. 455, 2004, 2004 WL 2743522 (Del. Nov. 16, 2004); *Correa v. State*, No. 81, 2004, 2004 WL 728527 (Del. Mar. 31, 1994).

On April 22, 2005, after conducting a hearing, the Superior Court determined that Correa had violated the terms of his probation. On October 21, 2005, Correa filed a notice of appeal from his sentencing on the violation of probation. *Correa v. State*, No. 520, 2005, 2006 WL 58585 (Del. Jan. 9, 2006). The state supreme court said, however, that a timely notice of appeal should have been filed on or before May 23, 2005. The court issued a notice directed to Correa pursuant to Delaware Supreme Court Rule 29(a) to show cause why the appeal should not be dismissed as untimely. Correa filed a response on November 8, 2005 which, according to the court, did not address the timeliness issue. The requirement that a notice of appeal be filed within 30 days is a jurisdictional requirement under Delaware law, and accordingly, the appeal was dismissed as untimely. *Id.*; *see also* DEL. CODE ANN. tit. 10, § 147; DEL. SUPR. CT. R.6.

Correa presents two claims in the model § 2254 form which appear to challenge the length of the sentence reimposed upon the violation of probation finding. (D.I. 1). The claims presented by Correa should be dismissed because he has defaulted state remedies. A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994); *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted, a petitioner must demonstrate that he presented the claim to the state's highest court either on direct appeal or in a post-conviction proceeding. *Stevens v. Delaware Correctional Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Morris v. Kearney*, 390 F. Supp. 2d 422, 426 (D. Del. 2005); *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 500 (D. Del. 2003) (citing *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000)); *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993)).

The presentment of an untimely appeal to the state's highest court represents substantial compliance with exhaustion requirements. *Hull v. Freeman*, 932 F.2d 159, 164 (3d Cir. 1991); *Bond v. Fulcomer*, 864 F.2d 306, 309 (3d Cir. 1989). Thus, although his state court appeal was dismissed as untimely, Correa is deemed to have substantially complied with the exhaustion requirement. *Hull*, 932 F.2d at 164; *Bond*, 864 F.2d at 309; *Smith v. Williams*, Civ. Act. No. 02-1558-JJF, 2003 WL 22937773 at * 2, 5 (D. Del. Sept. 30, 2003). A finding that Correa exhausted state remedies, however, does not end the inquiry in this case. Rather, the Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional

error in a state conviction." *Bond*, 864 F.2d at 310. In this case, Correa's state appeal was dismissed because he failed to perfect the appeal within the 30-day period fixed by law, a prerequisite for an exercise of appellate jurisdiction by the Delaware Supreme Court. *E.g.*, *Riggs v. Riggs*, 539 A.2d 163, 164 (Del. 1988); *Fisher v. Biggs*, 284 A.2d 117, 118 (Del. 1971); *see also* 10 *Del. C.* § 147; DEL. SUPR. CT. R. 6, 11(b); *Carr v. State*, 554 A.2d 778, 779 (Del. 1989). In applying a procedural bar based on the untimeliness of Correa's filing, the state supreme court articulated a "plain statement," under *Harris v. Reed*, 489 U.S. 255, 263-64 (1989), that its decision rested on state law grounds. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991).

Next, this court must look to whether the state procedural ground applied in dismissing Correa's claims is sufficient to bar federal habeas review. *Bond*, 864 F.2d at 311-12. The procedural default doctrine makes compliance with all relevant state-law procedural rules a condition for federal habeas relief. *Hull*, 932 F.2d at 165. By filing late, a petitioner procedurally defaults his entire appeal, and this constitutes an independent and adequate state procedural ground which forecloses federal habeas review of the merits presented in the petition. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (applying cause and prejudice standard to filing of untimely appeal); *Murray v. Carrier*, 477 U.S. 478, 491 (1986). "It is well-settled that [Rule 6] is an adequate and independent state procedural rule" to bar federal habeas review. *E.g.*, *Smith, supra*, 2003 WL 22937773 at * 5 (collecting cases). Accordingly, the state procedural bar imposed by Rule 6 is an independent and adequate state ground under *Wainwright v. Sykes*, 433 U.S. 72 (1977) and its progeny which precludes federal habeas review of Correa's claims unless he can establish cause for his procedural

default and resulting prejudice, or that a miscarriage of justice will result if the court refuses to hear his claim. *See* 28 U.S.C. § 2254(a); *Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262; *Murray*, 477 U.S. at 493; *Caswell v. Ryan*, 953 F.2d 853, 860-61 (3d Cir. 1992); *McLaughlin*, 270 F. Supp. 2d at 500-01; *Dawson v. Snyder*, 988 F. Supp. 783, 804-05 (D. Del. 1997). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *Coleman*, 501 U.S. at 750; *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *McLaughlin*, 270 F. Supp. 2d at 501; *Dawson*, 988 F. Supp. at 805.

Correa, however, has failed to establish, and the record does not reveal, cause for his procedural default. *See Coleman*, 501 U.S. at 752 (rejecting claim that cause was established due to ignorance or inadvertence of counsel) (citing *Murray*, 477 U.S. at 487). Because Correa has not established cause for his procedural default, this Court need not reach the question of whether he has shown any actual prejudice. *See Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson*, 988 F. Supp. at 804-05; *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995). Thus, Correa has procedurally defaulted each of his claims, and the petition should be summarily dismissed.

The "miscarriage of justice exception" to the procedural default rule applies only to "extraordinary cases." *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 496, *cited in Carter*, 910 F. Supp. at 151. To establish a miscarriage of justice, Correa bears the burden to establish that it is more likely than not that no reasonable juror would have convicted him.

*See Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (holding a miscarriage of justice "in a colloquial sense is the case where the State has convicted the wrong person of the crime").  Here, Correa has not alleged any facts that would tend to establish he is actually innocent of the offense to which he pled guilty, or that the Court's failure to consider his claims will otherwise result in a fundamental miscarriage of justice. *See Lawrie*, 9 F. Supp. 2d at 455; *Dawson*, 988 F. Supp. at 807-08; *Carter*, 910 F. Supp. at 151.

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Correa's plea and sentencing hearings have been prepared. In the event that the Court directs production of any transcript, respondents cannot state with specificity when the transcript could be produced, but reasonably expect that production would take 90 days from the issuance of any order by the Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/
Thomas E. Brown
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE  19801
(302) 577-8500
Del. Bar ID#  3278
*ThomasE.Brown@state.de.us*

Date: March 6, 2006

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of this Court, hereby certifies that on March 6, 2006, he caused to be mailed by first class U.S. Mail two copies of the attached document (Answer) to the petitioner:

    Guango F. Correa (No. 00180807)
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977.

_____
Thomas E. Brown
Deputy Attorney General
Del. Dept. of Justice

Counsel for Respondents

Date: March 6, 2006