Slip Copy  
Slip Copy, 2006 WL 58585 (Del.Supr.)  
**(Cite as: Slip Copy)**

Page 1

Only the Westlaw citation is currently available.
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.

Supreme Court of Delaware.
Guango CORREA, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 520, 2005.**

Submitted Dec. 15, 2005.
Decided Jan. 9, 2006.

Court Below-Superior Court of the State of Delaware, in and for Kent County, Cr. ID 0205013182.

Before HOLLAND, BERGER, and JACOBS, Justices.

*ORDER*

**\*1** This 9th day of January 2006, it appears to the Court that:

(1) On October 21, 2005, the Court received the appellant's notice of appeal from his sentencing on a violation of probation in the Superior Court on April 22, 2005. [FN1] Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before May 23, 2005.

> FN1. The appellant's notice purports to appeal from a Superior Court order dated April 12, 2005. A review of the Superior Court docket indicates that a capias for a violation of probation was returned on April 12, 2005. The violation of probation hearing and sentencing was not held until April 22, 2005, however.

(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. [FN2] The appellant filed a response to the notice to show cause on November 8, 2005. The appellant's response does not address the timeliness issue.

> FN2. Del.Supr. Ct. R. 6(a)(ii).

(3) Time is a jurisdictional requirement. [FN3] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective. [FN4] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6. [FN5] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered. [FN6]

> FN3. *Carr v. State,* 554 A.2d 778, 779 (Del.), *cert. denied,* 493 U.S. 829 (1989).
>
> FN4. Del.Supr. Ct. R. 10(a).
>
> FN5. *Carr v. State,* 554 A.2d at 779.
>
> FN6. *Bey v. State,* 402 A.2d 362, 363 (Del.1979).

(4) There is nothing in the record to reflect that appellant's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 2
Slip Copy, 2006 WL 58585 (Del.Supr.)
**(Cite as: Slip Copy)**

DISMISSED.

Del.Supr.,2006.
Correa v. State
Slip Copy, 2006 WL 58585 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

862 A.2d 385 Page 1
862 A.2d 385, 2004 WL 2743522 (Del.Supr.)
**(Cite as: 862 A.2d 385)**

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Guango CORREA, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 4552004.**

Submitted Oct. 21, 2004.
Decided Nov. 16, 2004.

**Background:** Following his criminal conviction in the Superior Court, Kent County, defendant filed notice of appeal.

**Holding:** The Supreme Court held that untimely notice of appeal did not confer jurisdiction upon it.

Appeal dismissed.

**Criminal Law 110 €==1081(5)**

110 Criminal Law
   110XXIV Review
      110XXIV(F) Proceedings, Generally
         110k1081 Notice of Appeal
           110k1081(4) Time of Giving
              110k1081(5) k. Effect of Delay. Most Cited Cases
Untimely notice of appeal did not confer jurisdiction upon Supreme Court, where failure to timely file was not attributable to court-related personnel. Sup.Ct.Rules, Rules 6, 29(b).

Court Below Superior Court of the State of Delaware, in and for Kent County, Cr. ID No. 0205013182.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

*ORDER*

**\*1** This 16th day of November 2004, upon consideration of the appellant's untimely notice of appeal, the notice to show cause issued by the Clerk, and the appellant's response thereto, it appears that the appellant's failure to timely file his notice of appeal is not attributable to court-related personnel.$^{FN1}$ Accordingly, this Court has no jurisdiction to hear this untimely appeal.

    FN1. *Bey v. State,* 402 A.2d 362, 363 (Del.1979).

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rules 6 and 29(b), that the within appeal is DISMISSED.

Del.Supr.,2004.
Correa v. State
862 A.2d 385, 2004 WL 2743522 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

846 A.2d 237  
846 A.2d 237, 2004 WL 728527 (Del.Supr.)  
**(Cite as: 846 A.2d 237)**

Page 1

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.  
Guango CORREA, Plaintiff Below, Appellant,  
v.  
STATE of Delaware, Plaintiff Below, Appellee.  
**No. 81,2004.**

Submitted March 11, 2004.  
Decided March 31, 2004.

Court Below: Superior Court of the State of Delaware, in and for Sussex County, Cr. ID No. 0204015491.

Before HOLLAND, BERGER and JACOBS, Justices.

*ORDER*

**\*1** This 31st day of March 2004, the Court has considered the appellant's untimely notice of appeal,[FN1] the notice to show cause issued by the Clerk, and the appellant's response thereto. The Court has concluded that the appellant's failure to timely file his appeal is not attributable to court-related personnel.[FN2] Accordingly, this Court has no jurisdiction to hear this untimely appeal.

> FN1. The notice of appeal was filed on March 3, 2004 from a sentencing order of the Superior Court dated August 19, 2002.
>
> FN2. *Bey v. State,* 402 A.2d 362, 363 (Del.1979).

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rules 6 and 29(b), that the within appeal is DISMISSED.

Del.Supr.,2004.  
Correa v. State

846 A.2d 237, 2004 WL 728527 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

846 A.2d 237 Page 1
846 A.2d 237, 2004 WL 716762 (Del.Supr.)
**(Cite as: 846 A.2d 237)**

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Guango F. CORREA, Petitioner Below-Appellant,
v.
STATE of Delaware, Respondent Below-Appellee.
**No. 559,2003.**

Submitted Jan. 30, 2004.
Decided March 25, 2004.

Court Below Superior Court of the State of Delaware, in and for Kent County, C.A. No. 03M-11-005.

Before BERGER, STEELE and JACOBS, Justices.

*ORDER*

**\*1** This 25th day of March 2004, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1) The petitioner-appellant, Guango F. Correa, filed an appeal from the Superior Court's November 13, 2003 order denying his petition for a writ of habeas corpus. We find no merit to the appeal. Accordingly, we AFFIRM.

(2) On November 18, 2002, Correa pleaded guilty to Assault in the Second Degree. He was sentenced to 5 years incarceration at Level V, with credit for Level V time previously served, to be suspended after 2 years for probation. [FN1] The record reflects that Correa is currently serving that sentence and will be released on October 10, 2004.

> FN1. On May 14, 2003, the Superior Court modified Correa's sentence to provide for his participation in the Special Needs Unit rather than the Key Program.

(3) In this appeal, Correa claims that he should be released immediately because he was convicted on the basis of a false affidavit and because he has been told by prison officials that he does not need the Special Needs Unit program.

(4) In Delaware, the writ of habeas corpus provides relief on a very limited basis. [FN2] Habeas corpus only provides "an opportunity for one illegally confined or incarcerated to obtain judicial review of the jurisdiction of the court ordering the commitment." [FN3] "Habeas corpus relief is not available to '[p]ersons committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment.'" [FN4]

> FN2. *Hall v. Carr,* 692 A.2d 888, 891 (Del.1997).
>
> FN3. Id.
>
> FN4. Id. (quoting Del.Code Ann. tit. 10, § 6902(1)).

(5) In this case, there is no evidence that the charge to which Correa pleaded guilty was not valid on its face or that there was any jurisdictional defect. As such, habeas corpus relief is not available to Correa and the Superior Court properly so determined.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

Del.Supr.,2004.
Correa v. State
846 A.2d 237, 2004 WL 716762 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.