Not Reported in F.Supp.2d    Page 1
Not Reported in F.Supp.2d, 2003 WL 22937773 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Charles E. SMITH, (a.k.a. Edward Smith), Petitioner,
v.
Raphael WILLIAMS, Warden, Respondent.
**No. Civ.A. 02-1558-JJF.**

Sept. 30, 2003.

Charles E. Smith (a.k.a. Edward Smith), Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

*MEMORANDUM OPINION*

FARNAN, J.

### I. INTRODUCTION

**\*1** Petitioner Charles E. Smith (a.k.a. Edward Smith) is a Delaware inmate in custody at the Multi-Purpose Criminal Justice Facility ("MPCJF") in Wilmington, Delaware. Currently before the Court is Petitioner's amended Petition For The Application For A Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (D.I.s 5, 6.), and a Motion For the Appointment of Counsel. (D.I.11.) For the reasons that follow, the Court will dismiss the Petition and deny Petitioner's Motion for the Appointment of Counsel as moot.

### II. BACKGROUND

In February 2001, Petitioner pled guilty in Delaware Superior Court to possession with intent to deliver heroin, carrying a concealed deadly weapon, and second degree assault.[FN1] (D.I. 17, Motion to Affirm in *Smith v. State,* No. 132,2002 at B-01.) Under the terms of the plea agreement, the State agreed to cap the sentence recommendation at seven years and to refrain from seeking habitual offender status for the three charges. (*Id.*) On May 25, 2001, Petitioner was sentenced to an aggregate of sixteen years in prison suspended after seven years for decreasing levels of probation. (*Id.* at B-03 to B-05.)

> FN1. The Court notes that Petitioner signed the plea agreement on October 23, 2000, but did not sign the TIS until February 20, 2001. (D.I. 17, Motion to Affirm in *Smith v. State,* No. 134,2002 at B-01, B-02.)

Petitioner did not file a direct appeal in connection with his conviction or sentence. Instead, in September 2001, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Rule 61 of the Superior Court Criminal Rules. *See State v. Smith,* Cr.A.No. IN-00-10-0257-RI, Order (Del.Super.Ct. Oct. 31, 2001). His motion for post-conviction relief asserted seven claims: 1) the police violated his right to due process because they did not arrest, fingerprint, or photograph Petitioner on the day he pled guilty; 2) the police mishandled their authority by coercing him into making drug buys; 3) the grand jury was not presented with sufficient evidence, thereby rendering the ensuing indictment defective; 4) the prosecutor was not present at sentencing and incorrectly noted on the plea agreement that Petitioner was a habitual offender; 5) Petitioner's assigned public defender was not present during sentencing, and he also rendered ineffective assistance of counsel; 6) the sentencing judge remarked about Petitioner's drug dealings and because his counsel was not present, these comments went unchallenged; and 7) the pre-sentence officer was not thorough in her investigation. The Superior Court denied Petitioner's post-conviction motion because Petitioner waived the first three claims regarding alleged police misconduct and insufficient evidence by pleading guilty, and the remaining four claims were dismissed as meritless. (*Id.*)

Petitioner appealed the denial of his motion for post-conviction relief, but the Delaware Supreme Court

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 2
Not Reported in F.Supp.2d, 2003 WL 22937773 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

dismissed his appeal as untimely. *Smith v. State,* No.614,2001, Order (Del.Jan.7, 2002). On February 4, 2002, Petitioner filed a motion for the correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a). (D.I. 17, Motion to Affirm in *Smith v. State,* No.134, 2002 at B-13-B-27.) The Superior Court denied the Rule 35(a) motion. *State v. Smith,* I.D. No. 0008010453, Order (Del.Super.Ct. Feb. 20, 2002.) The Delaware Supreme Court affirmed the Superior Court's denial of the Rule 35(a) motion. *Smith v. State,* No. 134, 2002 (Del. Aug. 7, 2002).

III. GOVERNING LEGAL PRINCIPLES

***2** A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before the court can reach the merits of a habeas petition, the court must first determine whether the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are satisfied. The federal habeas statute states:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts,* 228 F.3d at 192.

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner did raise the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

To "fairly present" a federal claim for purposes of exhaustion, a petitioner must present to the state's highest court a legal theory and facts that are "substantially equivalent" to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at *2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). It is not necessary for the petitioner to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307,312 (3d Cir.1980). Fair presentation also requires raising the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). The state courts do not have to actually consider or discuss the issues in the federal claim, provided that the petitioner did, in fact, present such issues to the court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

***3** If a petitioner failed to exhaust state remedies and state procedural rules preclude further relief in the state courts, the exhaustion requirement is deemed satisfied because there is no available state remedy. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). However, even though these claims are treated

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22937773 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

as exhausted, they are still procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but, once again, procedurally defaulted. *Harris v.. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or a fundamental miscarriage of justice. *McCandless,* 172 F.3d at 260; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. However, if the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

Alternatively, a federal court may excuse procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002). The miscarriage of justice exception applies only in extraordinary circumstances and is appropriate only when actual innocence is established, rather than legal innocence. *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992).

IV. DISCUSSION

Petitioner asserts six claims in his amended habeas petition and the memorandum in support of his petition: 1) the drug evidence was unlawfully seized; 2) he was unlawfully convicted on evidence obtained by an unlawful arrest; 3) the police made false statements to the grand jury in order to obtain an indictment; 4) defense counsel provided ineffective assistance of counsel because he failed to adequately investigate the case, he did not request a suppression hearing, and he was not present at Petitioner's sentencing; 5) the imposed maximum statutory sentence exceeded the terms of the plea agreement and state sentencing guidelines; and 6) he involuntarily entered the plea agreement because he was told by counsel that the sentence would be suspended upon completion of drug treatment programs, and he "never answered questions on T.I.S. guidelines forms." (D.I.s 5, 6.)

**\*4** Respondent contends that Petitioner's first two claims allege a violation of the Fourth Amendment, and therefore, they cannot be raised on collateral review. Respondent also asserts that all six claims should be summarily dismissed because Petitioner procedurally defaulted them. Petitioner's habeas petition is now ripe for review.

A. Fourth Amendment claims are not cognizable on federal habeas review

Petitioner's first two claims allege that the drug evidence was illegally seized and that his conviction was unlawful because it was based on the illegal evidence. (D.I.s 5, 6.) Respondent contends that federal habeas review of these claims is "precluded under the holding of *Stone v. Powell,* 428 U.S. 465 (1976)." In *Stone,* the Supreme Court established the rule that a federal court may not grant habeas relief to a state prisoner on the ground that evidence obtained in an unconstitutional search or seizure was introduced at

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 4
Not Reported in F.Supp.2d, 2003 WL 22937773 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

trial, provided that state procedures permitted an opportunity for full and fair litigation of the Fourth Amendment claim. *Stone,* 428 U.S. at 494.

In Delaware, a criminal defendant may file a pretrial motion to suppress evidence pursuant to Rule 41 of the Superior Court Rules of Criminal Procedure. *See* Super. Ct. R.Crim. P. 41(f); *State v. Ashley,* 1998 WL 110140 (Del.Super.Ct. Jan. 26, 1998). Nothing in the record indicates that Petitioner was prevented from proceeding to trial to litigate his Fourth Amendment claims or that he was prevented from filing a Rule 41 motion. Thus, the Court concludes that Petitioner did, in fact, have a full and fair opportunity to litigate claims one and two.

Moreover, Petitioner's Fourth Amendment claims are beyond the scope of federal habeas review because he pled guilty. As stated by the United States Supreme Court, "when a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." *Haring v. Prosise,* 462 U.S. 306, 321 (1983). In the present case, Petitioner's conviction was not based on any allegedly illegally seized evidence, but rather, on the fact that he pled guilty to three charges: 1) possession with intent to distribute heroin; 2) carrying a concealed weapon; and 3) second degree assault. (D.I. 17, Motion to Affirm in *Smith v. State,* No. 134,2002 at B-01.) Accordingly, Petitioner's Fourth Amendment claims are "irrelevant to the constitutionality of his criminal conviction, and for that reason may not be the basis of a writ of habeas corpus." *Haring,* 462 U.S. at 322.

B. All six claims are procedurally barred

Respondent asserts that Petitioner substantially complied with the exhaustion requirement but, nonetheless, his entire habeas petition is procedurally barred on independent and adequate state grounds. The Court agrees that Petitioner has procedurally defaulted his federal habeas claims, thereby preventing federal habeas review of the merits of his petition.

**\*5** It appears that Petitioner presented all six federal habeas claims to the Delaware Supreme Court on appeal of the denial of his motion for post-conviction relief. *Smith v. State,* No. 614,2001, Order (Del. Jan. 7, 2002). However, the Delaware Supreme Court dismissed the appeal as untimely because Petitioner failed to comply with Rule 6 of the Delaware Supreme Court Rules. Pursuant to Rule 6(a)(iii), a notice of appeal for any post-conviction proceeding must filed within thirty days after entry of the post-conviction judgment. Del.Supr. Ct. R. 6(a)(iii). This time requirement is jurisdictional. *See Carr v. State,* 554 A.2d 778, 779 (1989). In the present case, Petitioner filed his post-conviction appeal after the expiration of the requisite thirty-day filing period. *Smith v. State of Delaware,* No. 614,2001, Order (Del. Jan. 7, 2002); *see* 10 Del. C. § 147; Del.Supr. Ct. R. 6(a)(iii). Petitioner's notice of appeal should have been filed on or before November 30, 2001, and he filed it on December 4, 2001. *See Smith,* No. 614,2001.

It is well-settled that Supreme Court Rule 6(a)(iii) is an adequate and independent state procedural rule. *See Parker v. Kearney,* 2002 WL 31102746, at \*4 (D.Del. Sept. 18, 2002); *Kirby v. Delaware Via Detainer,* 2001 WL 641729, at \*3 (D.Del. May 29, 2001); *Trammell v. Kearney,* C.A. No. 99-443-RRM, at \*8 (D.Del. Jan. 7, 2002); *Peters v. Snyder,* C.A. No. 96-19-JJF (D.Del. Aug. 9, 1996). As such, Petitioner's presentation of these issues to the Delaware Supreme Court, although untimely, is deemed to satisfy the exhaustion requirement because other state remedies are no longer available. *See Oldham v. Snyder,* 1999 WL 458307, at \*5 (D.Del. June 24, 1999) (where state procedural rules bar a habeas petitioner form seeking further collateral relief for issues not raised in prior collateral appeals the exhaustion requirement is deemed satisfied because there are no available state corrective processes). "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson,* 501 U.S. 722, 732 (1991); *O'Sullivan v. Boerckel,* 526 U.S. 838, 853 (1999).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                      Page 5
Not Reported in F.Supp.2d, 2003 WL 22937773 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Although Petitioner's failure to exhaust state remedies is excused, these claims are still procedurally defaulted due to the Delaware Supreme Court's application of the independent and adequate state procedural bar of Supreme Court Rule 6(a)(iii). [FN2] *See Parker v. Kearney,* 2002 WL 31102746, at *4 (D.Del. Sept. 18, 2002); *Kirby v. Delaware Via Detainer,* 2001 WL 641729, at *3 (D.Del. May 29, 2001); *Trammell v. Kearney,* C.A. No. 99-443-RRM, at *8 (D.Del. Jan. 7, 2002); *Peters v. Snyder,* C.A. No. 96-19-JJF (D.Del. Aug. 9, 1996). Normally, upon determining that the state court refused to consider Petitioner's claims for failing to comply with an independent and adequate state procedural rule, this Court would next determine whether Petitioner satisfied the cause-and-prejudice exception to the procedural default doctrine. *See YLST v. Nunnemaker,* 501 U.S. 797, 801 (1991) ("when a state-law default prevents the state court from reaching the merits of a federal claim, that claim [cannot] be reviewed in federal court").

> FN2. In dismissing the appeal as untimely, the Delaware Supreme Court cited to Supreme Court Rules 6 and 10(a) to support its conclusion that the failure to timely file a notice of appeal divested the court of jurisdiction to hear the appeal. Although the court went on to state that "pursuant to Supreme Court Rule 29(b), ... the within appeal is dismissed," the decision to dismiss still rested on Rule 6. Supreme Court Rule 29(b) merely explains the procedure for a court to *sua sponte* dismiss an appeal for several reasons, one of which is for "untimely filing of an appeal." Thus, the court only referred to Rule 29(b) to justify its dismissal of the appeal *sua sponte.*

**\*6** However, if a petitioner continued to litigate the procedurally defaulted claim in state courts, the effect of the independent and adequate state procedural bar becomes less certain. For example, if "the last state court presented with a particular federal claim reaches the merits, it removes any bar to federal court-review that might otherwise have been available." *Id.* In the present case, Petitioner did not file his habeas petition immediately following the Delaware Supreme Court's dismissal of his post-conviction appeal. Instead, he filed a motion to correct sentence in the Delaware Superior Court. This motion alleged the same claims raised in both his unsuccessful Rule 61 motion and the appeal therefrom. The Superior Court denied the motion "for all of the reasons set forth in Judge Herlihy's Decision and Order of October [3]1, 2001" because Petitioner "provided no new basis in [his] motion to justify the relief [he] seek[s]." *State v. Smith,* I.D. No. 0008010453, Order (Del.Super.Ct. Feb. 20, 2002). The Delaware Supreme Court thereafter affirmed the Superior Court's denial of the motion because Petitioner "raised essentially the same issues he raised here in his previous unsuccessful postconviction motion [and Petitioner] may not re-litigate his Rule 61 motion by merely recasting it as a motion to correct sentence under Rule 35(a)." *Smith v. State,* No. 134,2002, Order (Del. Aug. 7, 2002) (citing Del.Super. Ct.Crim. R. 61 and *Brittingham v. State,* 705 a.2d 577, 579 (Del.1998)). Thus, the question now before the Court is whether the Delaware Supreme Court's denial of Petitioner's motion to correct sentence constituted a decision on the merits, thereby waiving Petitioner's prior procedural default.

Although the Superior Court's reasoning is not as clearly stated as the Delaware Supreme Court's conclusion, it is evident that both courts denied the relief requested because Petitioner merely "recasted" his unsuccessful Rule 61 motion as a Rule 35(a) motion to correct sentence. The Delaware Supreme Court cited to both Rule 61 and *Brittingham v. State,* 705 A.2d 577, 579 (Del.1998) when it held that Petitioner could not re-litigate his Rule 61 motion by "recasting" it as a Rule 35(a) motion. *State v. Smith,* No. 134, 2002, Order at ¶ 4. In essence, the state courts relied on the re-litigation bar of Rule 61(i)(4):

Former Adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 6
Not Reported in F.Supp.2d, 2003 WL 22937773 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Del.Super. Ct.Crim. R. 61(i)(4). Rule 61(i)(4) also constitutes an independent and adequate state law ground precluding federal habeas review. *See, e.g., Kennedy v. Kearney,* 1996 WL 534877, at *2, 3 (D.Del. Sept. 11, 1996); *Sullivan v. State,* 1998 WL 231264, at *17 (D.Del. Apr. 30, 1998). Thus, by applying the procedural bar of Rule 61(i)(4), the state courts did not review the merits of Petitioner's motion to correct sentence. As such, the state courts did not waive Petitioner's prior procedural default of untimely filing an appeal to the Delaware Supreme Court.

**\*7** Having determined that the state courts did not waive the initial procedural bar of Supreme Court Rule 6, this Court must now determine whether the procedural default is excused by considering if Petitioner has demonstrated cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result from failing to consider the claims. Petitioner's § 2254 petition does not explain his failure to file a timely notice of appeal. The Court has thoroughly reviewed the record and the only reasons put forth for this default were asserted in Petitioner's motion to show cause for his untimely appeal filed in the Delaware Supreme Court. Petitioner explained that he filed his appeal late because he is "unfamiliar with Supreme Court Rule 29(b) and [that his] access to legal assistance is limited." (D.I. 17, Motion to Show Cause, *Smith v. State,* No. 614,2001 (Del. Dec. 14, 2001)).

A petitioner's mere inadvertence in failing to take an appeal or to timely file an appeal does not constitute cause to excuse a procedural default. *See Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir.2002); *Coleman,* 501 U.S. at 752. Because Petitioner has not demonstrated cause, the Court does not need to address the issue of prejudice. *See Coleman,* 501 U.S. at 752. Moreover, Petitioner has not alleged that he is actually innocent. In short, federal habeas review of his § 2254 petition is unavailable.

C. Motion for the Appointment of Counsel

Petitioner has also filed a Motion for the Appointment of Counsel. He alleges that: (1) he cannot afford counsel; (2) he needs legal representation to argue the merits of the case; (3) he is "incompetent to the issues of law"; and (4) he has limited access to legal materials. (D.I.11.)

For the reasons previously stated, the Court has determined that Petitioner's § 2254 habeas petition does not provide a basis for federal habeas relief. As such, the "interests of justice" do not require the appointment of counsel in this matter. Accordingly, Petitioner's Motion for the Appointment of Counsel is denied as moot.

V. Certificate of Appealability

Finally, this Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Additionally, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

**\*8** For the reasons stated above, the Court concludes that Petitioner's Fourth Amendment claims do not provide a basis for federal habeas relief. The Court also concludes that federal habeas review of all six claims

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 7
Not Reported in F.Supp.2d, 2003 WL 22937773 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

is procedurally barred by the independent and adequate state procedural bar of Delaware Supreme Court Rule 6(a)(iii). Reasonable jurists would not find these conclusions unreasonable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's Fourth Amendment claims do not provide a basis for federal habeas relief. The Court also concludes that federal habeas review of all six claims is procedurally barred by an independent and adequate state procedural bar. Furthermore, the Court finds no basis for the issuance of a certificate of appealabilty. An appropriate order shall issue.

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:
1. Charles E. Smith's (a.k.a. Edward Smith) petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.s 5, 6.) is DENIED.
2. Charles E. Smith's (a.k.a. Edward Smith) Motion for Appointment of Counsel (D.I.11.) is DENIED as moot.
3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

D.Del.,2003.
Smith v. Williams
Not Reported in F.Supp.2d, 2003 WL 22937773 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02CV01558 (Docket) (Oct. 21, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.