IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GUANGO F. CORREA,                       :
                                        :
            Petitioner,                 :
                                        :
      v.                                :    Civ. Act. No. 05-703-JJF
                                        :
THOMAS L. CARROLL  Warden, and          :
CARL C. DANBERG, Attorney General       :
of the State of Delaware,               :
                                        :
            Respondent.                 :

---

Guango F. Correa.  Pro se Petitioner.

Thomas E. Brown, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for Respondent.

---

**MEMORANDUM OPINION**

November 20, 2006
Wilmington, Delaware

Farnan, District Judge

    Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Guango F. Correa ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    On November 18, 2002, Petitioner pled guilty in the Delaware Superior Court to one count of second degree assault. The Superior Court sentenced Petitioner to five years in prison with credit for time served, suspended after two years for probation. Petitioner did not file a direct appeal. See generally (D.I. 10, Del. Super. Ct. Dkt. in ID No. 0205013.)

    In April 2003, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and Petitioner did not appeal that decision.

    Petitioner filed numerous petitions for a state writ of habeas corpus between 2002 and 2003, all of which the Superior Court denied. Petitioner only appealed the Superior Court's decision dated December 2, 2003, and the Delaware Supreme Court affirmed the Superior Court's judgment. Correa v. State, 2004 WL 716762 (Del. Mar. 25, 2004).

1

In September 2003, Petitioner filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 challenging his 2002 conviction. This Court denied the petition as procedurally barred. Correa v. Carroll, 2004 WL 1822123 (D. Del. Aug. 13, 2004). Petitioner continued to litigate his conviction in the Delaware state courts, and the Delaware Supreme Court dismissed as untimely two appeals filed by Petitioner. Correa v. State, 2004 WL 2743522 (Del. Nov. 16, 2004); Correa v. State, 2004 WL 728527 (Del. Mar. 31, 2004).

On April 22, 2005, the Superior Court determined that Petitioner had violated the terms of his probation. On October 21, 2005, Petitioner filed a notice of appeal from his sentencing on the violation of probation. Correa v. State, 2006 WL 58585 (Del. Jan. 9, 2006). The Delaware Supreme Court concluded that a timely notice of appeal should have been filed on or before May 23, 2005, and issued a notice to Petitioner pursuant to Delaware Supreme Court Rule 29(a) to show cause why his appeal should not be dismissed as untimely. Petitioner filed a response on November 8, 2005 which did not address the timeliness issue. As a result, the Delaware Supreme Court dismissed the appeal as untimely. Id.

Petitioner filed the instant Petition on September 26, 2005. Respondent filed an Answer, asserting that the Petition should be dismissed as procedurally barred. (D.I. 8.)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief for his claims under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 749-750 (1991); Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. McCandless v.

3

Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). Actual innocence means factual innocence, not legal insufficiency, and the miscarriage of justice exception applies only in extraordinary cases. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

4

evidence - - that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

### III. DISCUSSION

Petitioner asserts two claims in his Petition which basically re-state the same ground for relief, namely, that the sentence imposed for Petitioner's violation of probation is illegal because he did not receive credit for the 24 months he previously served. Therefore, the Court will treat the Petition as asserting one claim.

Petitioner presented his sole habeas claim to the Delaware Supreme Court when he appealed the sentence imposed by the Superior Court for his violation of probation. However, the Delaware Supreme Court dismissed the appeal as untimely under Delaware Supreme Court Rule 6. This Court has consistently held that a dismissal pursuant to Delaware Supreme Court Rule 6 constitutes a procedural default under the independent and adequate state procedural rule doctrine. See Kirby v. Delaware Via Detainer, 2001 WL 641729, at *3 (D. Del. May 29, 2001) (collecting cases). By denying Petitioner's claim under Rule 6, the Delaware Supreme Court plainly stated that its decision rested on state law grounds. Harris v. Reed, 489 U.S. 255, 263-64 (1989). Thus, Petitioner's claim is exhausted but

5

procedurally defaulted, and the Court is barred from reviewing the merits of the claim unless Petitioner shows cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will occur if the claims are not reviewed.

Petitioner does not assert, and the Court cannot discern, any cause for his procedural default. In the absence of cause, the Court need not address the issue of prejudice. Moreover, the Court concludes that the miscarriage of justice exception does not excuse Petitioner's procedural default, because he has not provided new, reliable evidence of his actual innocence. Accordingly, the Court concludes that Petitioner has procedurally defaulted his claim, and therefore, the Court is precluded from reviewing the merits of his Petition.

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Additionally, if a federal court denies a habeas petition on procedural grounds without

6

reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  <u>Id.</u>

The Court has concluded that Petitioner's habeas Petition does not warrant relief, and the Court is not persuaded that reasonable jurists would find this conclusion to be debatable. Therefore, the Court declines to issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, the Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 filed by Petitioner will be denied.

An appropriate Order will be entered.